UNITED STATES of America,
Plaintiff-Appellee,

v.

Nathaniel PARKER, Jr., Defendant-
Appellant.

No. 71–2480

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Jan. 27, 1972.

Lenwood A. Jackson (Ct. apptd.) Atlanta, Ga., for defendant-appellant.

John W. Stokes, Jr., U. S. Atty., Robert L. Smith, George H. Connell, Jr., Asst. U. S. Attys., Atlanta, Ga., for plaintiff-appellee.

Before THORNBERRY, MORGAN and CLARK, Circuit Judges.

PER CURIAM:

Appellant Parker was found guilty under Counts One and Two of a six-count indictment charging him, along with four other individuals, with violations of Section 659, Title 18, U.S.C. Count One of the indictment charged Parker with theft from an interstate shipment, and Count Two charged him with unlawful possession of the interstate chattels. Parker was committed to the custody of the Attorney General for three years on each of the two counts, and the execution of the sentence was ordered to run concurrently under the provisions of Title 18, U.S.C., Section 4208(a) (2). Appellant seeks only by this appeal to review the conviction under Count One, asserting insufficiency of evidence to sustain conviction on this count. Appellant does not appeal from the verdict under Count Two.

Since appellant does not challenge the jury verdict on Count Two, it is unnecessary for this court to consider the sufficiency of the evidence as to Count One. It is well established that "where the evidence is sufficient to support a conviction on one count,

---

* Rule 18, 5th Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of

New York, et al., 5 Cir. 1970, 431 F.2d 409, Part I.

and the total sentence imposed does not exceed the maximum which may be imposed under that count", it is unnecessary for the reviewing court to consider the evidence on the remaining counts. Barenblatt v. United States, 360 U.S. 109, 79 S.Ct. 1081, 3 L.Ed.2d 1115; Holt v. United States, 288 F.2d 447 (5 Cir. 1961).

The judgment of the court below is Affirmed.