UNITED STATES of America, Plaintiff-Appellee,

v.

Alvin Olanda GILBERT, Defendant-Appellant.

No. 75–4379

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Aug. 16, 1976.

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Maxwell C. Wright, Houston, Tex., for defendant-appellant.

Edward B. McDonough, Jr., U. S. Atty., James R. Gough, George A. Kelt, Jr., Jack O'Donnell, Asst. U. S. Attys., Houston, Tex., for plaintiff-appellee.

Before AINSWORTH, CLARK and RONEY, Circuit Judges.

PER CURIAM:

After a jury trial, appellant Alvin Olanda Gilbert was convicted on two counts of theft from an interstate freight shipment and two counts of possession of the respective goods stolen, all in violation of 18 U.S.C. § 659. Count I charged the theft, and Count II charged possession, of two galvanized steel coils which were in shipment from Ohio to Tyler, Texas. Counts III and IV similarly charged the theft and possession, respectively, of four steel coils then in shipment from Michigan to Houston, Texas. Gilbert received concurrent seven-year sentences on Counts I and II which were to be served consecutively with two concurrent seven-year sentences imposed on Counts III and IV.

■ Gilbert's primary contention on appeal is that evidence introduced at trial was insufficient to prove either that he stole the steel coils or that he possessed these items knowing them to be stolen. Inasmuch as the sentences imposed for possession are equal to and run concurrently with those imposed for theft, we need consider the sufficiency of only the evidence supporting Gilbert's convictions for possession under Counts II and IV. *United States v. Parker*, 5 Cir., 1972, 454 F.2d 1164.

■ At trial, it was established that Gilbert was in possession of the six steel coils within three days of the theft and that, subsequently, he had moved them from one location to another. One witness testified that Gilbert asked him not to say anything to the FBI concerning the coils. An FBI agent testified that Gilbert, after being informed of his rights, denied any involvement in the theft and any knowledge that the coils were stolen. The agent testified further, however, that Gilbert subsequently contacted him, and, after again being informed of his rights, admitted to having lied in the first conversation. According to the agent, appellant stated that a man named George offered him $300 to pick up and store a load of coils, that he never received the promised money, that he never learned George's last name or ever saw him again, and that he had been intending to sell the coils himself even though he believed them to be stolen. Gilbert offered no evidence in his own behalf.

Viewing the record in the light most favorable to the Government, *United States v. Warner*, 5 Cir., 1971, 441 F.2d 821, *cert. denied*, 404 U.S. 829, 92 S.Ct. 65, 30 L.Ed.2d 58 (1971), the evidence is more than sufficient to show that Gilbert was in possession of goods which he knew to be stolen. Indeed, even without Gilbert's admissions to the FBI agent, the jury could have properly inferred the requisite guilty knowledge from his unexplained possession of the stolen goods. *Barnes v. United States*, 412 U.S. 837, 93 S.Ct. 2357, 37 L.Ed.2d 380 (1973).

Appellant contends further that the indictment was multiplicitous because it carved four offenses from the theft of the steel coils, that the sentences imposed constitute cruel and unusual punishment, that he was not apprised of his rights by the FBI agent and that the trial court improperly charged the jury on the probative value of circumstantial evidence. None of these contentions, however, has any merit. Consequently, the judgment and conviction below are

AFFIRMED.