**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Alvin Olanda GILBERT,
Defendant-Appellant.**

**No. 77–3451
Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

May 22, 1978.
Rehearing Denied June 19, 1978.

Alvin Olanda Gilbert, pro se.

J. A. Canales, U. S. Atty., James R. Gough, George A. Kelt, Jr., Jack C. O'Donnell, Asst. U. S. Attys., Houston, Tex., for plaintiff-appellee.

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

Before GOLDBERG, AINSWORTH and HILL, Circuit Judges.

## PER CURIAM:

In this appeal defendant-appellant Alvin Olanda Gilbert contends that the district court erred in denying his motion for reduction of sentence pursuant to Fed.R.Crim.P. 35.[1] We affirm the district court's decision.

1. Rule 35 provides:

The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence. The court may reduce a sentence within 120 days after the sentence is imposed, or within 120 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 120 days after entry of any order or judgment of the Supreme Court denying review of, or having the effect of upholding a judgment of conviction. The court may also reduce a sentence upon revocation of probation as provided by law.

2. 18 U.S.C. § 659 provides:

Whoever embezzles, steals, or unlawfully takes, carries away, or conceals, or by fraud or deception obtains from any pipeline system, railroad car, wagon, motortruck, or other vehicle, or from any tank or storage facility, station, station house, platform or depot or from any steamboat, vessel, or wharf, or from any aircraft, air terminal, airport, aircraft terminal or air navigation facility with intent to convert to his own use any goods or chattels moving as or which are a part of or which constitute an interstate or foreign shipment of freight, express, or other property; or

Whoever buys or receives or has in his possession any such goods or chattels, knowing the same to have been embezzled or stolen; or

Whoever embezzles, steals, or unlawfully takes, carries away, or by fraud or deception obtains with intent to convert to his own use any baggage which shall have come into the possession of any common carrier for transportation in interstate or foreign commerce or breaks into, steals, takes, carries away, or conceals any of the contents of such baggage, or buys, receives, or has in his possession any such baggage or any article therefrom of whatever nature, knowing the same to have been embezzled or stolen; or

Whoever embezzles, steals, or unlawfully takes by any fraudulent device, scheme, or game, from any railroad car, bus, vehicle, steamboat, vessel, or aircraft operated by any common carrier moving in interstate or foreign commerce or from any passenger thereon any money, baggage, goods, or chat-

A jury convicted Gilbert on two counts of theft from an interstate freight shipment and on two counts of possession of the goods stolen therefrom, all in violation of 18 U.S.C. § 659.[2] Count I of the indictment charged the theft of two coils of galvanized steel that were in shipment from Ohio to Tyler, Texas, and Count II charged possession of the two stolen coils. Count III

tels, or whoever buys, receives, or has in his possession any such money, baggage, goods, or chattels, knowing the same to have been embezzled or stolen—

Shall in each case be fined not more than $5,000 or imprisoned not more than ten years, or both; but if the amount or value of such money, baggage, goods or chattels does not exceed $100, he shall be fined not more than $1,000 or imprisoned not more than one year, or both.

The offense shall be deemed to have been committed not only in the district where the violation first occurred, but also in any district in which the defendant may have taken or been in possession of the said money, baggage, goods, or chattels.

The carrying or transporting of any such money, freight, express, baggage, goods, or chattels in interstate or foreign commerce, knowing the same to have been stolen, shall constitute a separate offense and subject the offender to the penalties under this section for unlawful taking, and the offense shall be deemed to have been committed in any district into which such money, freight, express, baggage, goods, or chattels shall have been removed or into which the same shall have been brought by such offender.

To establish the interstate or foreign commerce character of any shipment in any prosecution under this section the waybill or other shipping document of such shipment shall be prima facie evidence of the place from which and to which such shipment was made. The removal of property from a pipeline system which extends interstate shall be prima facie evidence of the interstate character of the shipment of the property.

A judgment of conviction or acquittal on the merits under the laws of any State shall be a bar to any prosecution under this section for the same act or acts. Nothing contained in this section shall be construed as indicating an intent on the part of Congress to occupy the field in which provisions of this section operate to the exclusion of State laws on the same subject matter, nor shall any provision of this section be construed as invalidating any provision of State law unless such provision is inconsistent with any of the purposes of this section or any provision thereof.

charged the theft of four coils of galvanized steel that were in shipment from Michigan to Houston, Texas, and Count IV charged possession of the four stolen coils. The trial court sentenced Gilbert to concurrent seven-year sentences on Counts I and II and to concurrent seven-year sentences on Counts III and IV, the two sets of concurrent sentences to run consecutively. We affirmed in *United States v. Gilbert,* 5 Cir., 1976, 537 F.2d 118. The Supreme Court granted certiorari and remanded the case to us "for reconsideration in light of the position presently asserted by the Government," which was based on two Supreme Court decisions, *Solimine v. United States,* 429 U.S. 990, 97 S.Ct. 517, 50 L.Ed.2d 603 (1976), and *United States v. Gaddis,* 424 U.S. 544, 96 S.Ct. 1023, 47 L.Ed.2d 222 (1976). *United States v. Gilbert,* 430 U.S. 902, 97 S.Ct. 1169, 51 L.Ed.2d 578 (1977). *Solimine* held that convictions and concurrent sentences for theft as well as receiving the stolen property are improper, and *Gaddis* held that convictions of robbery and receiving or possessing the proceeds of that robbery are improper. On remand we vacated Gilbert's convictions on Counts I and III, the theft counts, but again affirmed the convictions on Counts II and IV, the possession counts. *United States v. Gilbert,* 5 Cir., 1977, 553 F.2d 990. The district court, in compliance with our instructions, set aside the theft convictions.

Gilbert then moved the district court for a reduction of sentence, asserting that the consecutive sentences on Counts II and IV constitute multiple punishment for the same offense. The coils may have been stolen from separate interstate shipments, he contends, but, because they were possessed simultaneously on one truck and remained together while in his possession, there was only one possession, which merits the imposition of only one sentence. Having considered and rejected this contention once before on Gilbert's direct appeal of his convictions, *United States v. Gilbert, supra,* 537 F.2d at 119, we find that the issue is settled,[3] and that the district court's denial

of the motion to reduce sentence was in all respects proper.

AFFIRMED.

---

**3.** The Supreme Court in its remand of the case did not address Gilbert's contention.