**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Harney Elihu HOOPER, Jr.,
Defendant-Appellant.**

No. 77–5152.

United States Court of Appeals,
Fifth Circuit.

June 19, 1978.

Rehearing and Rehearing En Banc
Denied Aug. 7, 1978.

James A. McPherson, New Orleans, La., for defendant-appellant.

John P. Volz, U. S. Atty., Walter J. Rothschild, Asst. U. S. Atty., New Orleans, La., for plaintiff-appellee.

Before BROWN, Chief Judge, AINSWORTH and VANCE, Circuit Judges.

AINSWORTH, Circuit Judge:

Defendant Harney Elihu Hooper, Jr., president of the police jury in St. Charles Parish, Louisiana, was charged with using his political office to obtain money from various businesses that were operating or seeking to operate in the Parish. Hooper was convicted of twelve counts of extortion and one count of conspiracy in violation of the Hobbs Act, 18 U.S.C. § 1951.[1] Three issues are raised on his appeal which he claims require reversal of his conviction. First, defendant contends that the district court erred in instructing the jury that an effect on interstate commerce had been shown if the Government's evidence was believed. Second, Hooper asserts that the trial court abused its discretion in refusing to allow him and a codefendant more than a joint total of ten peremptory challenges. Finally, defendant urges that the district court committed error by furnishing the jury with a written copy of the jury charges. After reviewing these issues, we find no error, and affirm the conviction.

■ The district judge in this case instructed the jury that

[i]t is the duty of the Court and not the jury to determine whether the Government's evidence, if you believe it beyond a reasonable doubt, established that interstate commerce was affected by the conduct of the defendants so as to bring the activities of the defendants within the scope of the Hobbs Act and sustain Federal jurisdiction.

In other words, with respect to the interstate commerce aspects of the indictment, you need only to decide whether you believe beyond reasonable doubt the evidence offered by the Government to establish an effect on interstate commerce. Therefore, I charge you that the evidence in this case, if you thus believe it, meets the requirements of Title 18, Section 1951, United States Code, insofar as the conduct of the defendants has affected interstate commerce, and thereby sustains the Court's jurisdiction within the scope of the Hobbs Act.

Defendant relies on the Supreme Court's decision in *Stirone v. United States*, 361 U.S. 212, 80 S.Ct. 270, 4 L.Ed.2d 252 (1960) in contending that this instruction improperly took the issue of ·the effect on interstate commerce away from the jury. Such reliance is misplaced, as *Stirone* involved the narrow question of "whether [the defendant] was convicted of an offense not charged in the indictment." *Id.* at 213, 80 S.Ct. at 271. In *United States v. Hyde*, 5 Cir., 1971, 448 F.2d 815, 834–43, *cert. denied*, 404 U.S. 1058, 92 S.Ct. 736, 30 L.Ed.2d 745 (1972), this court considered the propriety of an almost identical instruction,[2] and concluded that

> (3) The term "commerce" means commerce within the District of Columbia, or any Territory or Possession of the United States; all commerce between any point in a State, Territory, Possession, or the District of Columbia and any point outside thereof; all commerce between points within the same State through any place outside such State; and all other commerce over which the United States has jurisdiction.

1. The statute provides in relevant part:

    (a) Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined no more than $10,000 or imprisoned not more than twenty years, or both.

    (b) As used in this section—

    . . . . .

    (2) The term "extortion" means the obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear, or under color of official right.

2. The district court's charge to the jury in *Hyde* included this language:

    Now, Ladies and Gentlemen of the Jury, it is the duty of the Court and not the jury to determine whether the government's evidence, if believed, established that interstate commerce was affected by the conduct of the defendant so as to bring the activities of the defendants within the scope of the Hobbs Act and sustain federal jurisdiction.

[a]ll of the Hobbs Act cases agree that the court should determine whether the facts alleged meet the statutory requirement of affecting interstate commerce. [citations omitted] This approach is used rather than telling the jury in general terms what it means to affect commerce and allowing the jury to determine whether the facts meet this criterion, because this is a jurisdictional element for which the court has a great responsibility.

*Id.* at 839. This reasoning is appropriate in the present case, and we therefore reject defendant's contention.[3]

■ Defendant's insistence that the district court abused its discretion by refusing to allow the two codefendants more than ten peremptory challenges is also without merit. In *United States v. Bentley*, 5 Cir., 1974, 503 F.2d 957, 958, this court stated that "[t]he number of peremptory challenges afforded a defendant is governed by F.R.Cr.P. Rule 24(b) and the discretion of the judge." Rule 24(b) provides that

[i]f the offense charged is punishable by death, each side is entitled to 20 peremptory challenges. If the offense charged is punishable by imprisonment for more than one year, the government is entitled to 6 peremptory challenges and the defendant or defendants jointly to 10 peremptory challenges. If the offense charged is punishable by imprisonment for not more than one year or by fine or both, each side is entitled to 3 peremptory

challenges. If there is more than one defendant, the court may allow the defendants additional peremptory challenges and permit them to be exercised separately or jointly.

Defendant asserts that the district court abused its discretion because he was placed in an inferior position to that of the Government, since each defendant in effect had only five peremptory challenges compared to the Government's six. Defendant also claims that there was a conflict of interest between the two defendants, and that the "dilution" of the peremptory challenges by requiring the defendants to jointly exercise the challenges was therefore prejudicial. We are unconvinced by defendant's reasoning. The two defendants exercised their challenges jointly, and defendant Hooper has not shown that there was any actual conflict between the two defendants as to the use of the peremptory challenges in the jury selection. There was no abridgement of defendant's right to exercise peremptory challenges and no evidence that "the jury as finally selected was other than representative and impartial." *See United States v. Scott*, 5 Cir., 555 F.2d 522, 533, *cert. denied*, 434 U.S. 985, 98 S.Ct. 610, 54 L.Ed.2d 478 (1977) (where four defendants were allowed a total of twelve challenges and the Government was allowed seven).

■ The final ground of error put forth by defendant is that the district court incor-

---

I instruct you that if you find from the evidence beyond a reasonable doubt, that a conspiracy existed as charged in Count One or in Count Two or in both Counts One and Two of the indictment, and that one of the overt acts charged in each count was committed, that the Court has found, as a matter of law, that the requirements of the Hobbs Act under Section 1951 of Title 18 of the United States Code have been met as to interstate commerce being affected.

*Id.* at 841 n. 35.

**3.** Defendant claims that there is no certainty that the jury would have found an effect on interstate commerce on all of the counts. We note that the effect on interstate commerce need not be substantial, *see United States v. Nadaline*, 5 Cir., 471 F.2d 340, 343, *cert. denied*, 411 U. S. 951, 93 S.Ct. 1924, 36 L.Ed.2d 414 (1973) ("[t]he impact of extortion need affect

interstate commerce only in a minimal degree . . . ."); *United States v. Hyde*, 5 Cir., 1971, 448 F.2d 815, 835–36, *cert. denied*, 404 U.S. 1058, 92 S.Ct. 736, 30 L.Ed.2d 745 (1972). There was such a showing of an effect on interstate commerce here. As the sentence for all thirteen counts is to run concurrently, we need only examine the effect on interstate commerce in one count. *See United States v. Parker*, 5 Cir., 1972, 454 F.2d 1164. Count 10, for example, involved extortion of a corporation operating a concrete plant in Louisiana that used materials shipped to the plant from other states. In *Stirone v. United States*, 361 U.S. 212, 215, 80 S.Ct. 270, 272, 4 L.Ed.2d 252 (1960), the Supreme Court found the requisite effect on interstate commerce under circumstances that are indistinguishable from those involved in Count 10.

rectly provided the jury with a written copy of the jury charges. In *United States v. Schilleci*, 5 Cir., 1977, 545 F.2d 519, this court expressed disapproval of the practice of furnishing the jury with written copies of the jury charge, but stated, however, that the practice was "not error in itself." *Id.* at 526. As none of the circumstances that created the risk of prejudice in *Schilleci* is present in this case,[4] we reject defendant's contention.

AFFIRMED.

---

**4.** In *Schilleci* the court explained its dissatisfaction with the practice of furnishing the jury with written instructions.

> It should be noted that the trial judge gave a written copy of his jury charge to each member of the jury to have to follow along as he read, and to carry into the jury room. Thus, the jury had the opportunity to give more consideration to separate portions of the charge, rather than to the total charge; and the jury was not instructed that the charge was to be considered by them as a connected series and viewed as a whole. *Id.* at 524.

The court went on to further explain its holding.

> Other factors combined to compound this error [regarding defendant's ignorance of the law]. First, the charge was submitted to the jury in writing for them to consider during their deliberations. While not error in itself, the practice is conducive to dissection of the charge by the jury and overemphasis of isolated parts rather than consideration of the charge as a whole. Second, the jury was never instructed to consider the charge as an integrated whole . . . .
>
> While we are hesitant to rely on any one of the above errors as constituting, in and of itself, reversible error, their combined effect, together with the unique factual situation presented, require reversal of these convictions.

*Id.* at 526.