UNITED STATES of America, Plaintiff,

v.

**Bruce Vernon GIBSON, Defendant.**

**Crim. Action No. 83–04–JLL.**

United States District Court,
D. Delaware.

April 29, 1986.

Bruce Vernon Gibson, pro se.

David C. Weiss, Asst. U.S. Atty., Wilmington, Del., for U.S.

## MEMORANDUM OPINION

LATCHUM, Senior District Judge.

The defendant, Bruce Vernon Gibson ("Gibson"), presently imprisoned in a Federal Correctional Institution, has filed a

motion pursuant to Fed.R.Crim.P. 35(a)[1] and/or 28 U.S.C. § 2255[2] to correct what he perceives to be an illegal sentence imposed upon him by this Court on June 22, 1983. After reviewing the entire file, record, and transcripts relating to the sentence under attack, as well as supplemental submissions by both parties, the Court concludes that Gibson is not entitled to the relief sought. Accordingly, defendant's motion for correction of sentence will be denied.

## FACTS

On January 27, 1983, a grand jury of this district returned a three count indictment against Gibson. (Docket Item ["D.I."] 1.) Count I charged Gibson with the unlawful possession of a sawed-off .12 gauge shotgun, serial no. 61365, and with the unlawful possession of a .20 gauge shotgun, serial no. C522583, neither of which had been registered with the Secretary of Treasury, in violation of 26 U.S.C. § 5861(d). Possession of both the .12 gauge and .20 gauge shotguns was charged to have occurred on July 13, 1982. Count II charged Gibson with the unlawful transfer of the same two shotguns, on July 13, 1982, in violation of 26 U.S.C. § 5861(a). Count III charged Gibson, a convicted felon, with the unlawful possession of a 7.65 mm. semi-automatic pistol, serial no. 101954, in violation of 18 U.S.C.App. § 1202(a)(1). Count III charged that possession of the pistol occurred on July 28, 1982.

On May 11, 1983, the United States Attorney filed an Information against Gibson. (D.I. 21.) The Information charged Gibson with unlawfully possessing the same two shotguns charged in Count I of the indictment, while he was a convicted felon, in violation of 18 U.S.C.App. § 1202(a)(1). The Information charged that the possession occurred on July 13, 1982.

The same day, the Court accepted a plea agreement between Gibson and the U.S. Attorney. (D.I. 22.) Pursuant to the Memorandum of Plea Agreement, Gibson: (1) pled guilty to Count III of the indictment, (2) waived indictment and pled guilty to the Information, and (3) in return for (1) and (2) above, Counts I and II of the indictment were dismissed. Before accepting the guilty plea, the Court addressed Gibson pursuant to Fed.R.Crim.P. 11 and determined that the plea was voluntary and intelligent. (D.I. 31.) During this colloquy, Gibson admitted under oath that he committed the crimes to which he pled guilty. (*Id.* at 12.) On June 22, 1983, Gibson was sentenced to two years' imprisonment on Count III of the indictment and two years' imprisonment on the Information, both sentences to run consecutively. (D.I. 24.)

An undercover investigation conducted by Mario F. Carsello, a Special Agent with the Bureau of Alcohol, Tobacco and Firearms, led to the charges levied against Gibson. (*See* D.I. 17.) Agent Carsello, acting under a fictitious name, let unwitting street sources know that Carsello was in the market to buy firearms. Through a street source, Carsello was put in contact with Gibson. On July 13, 1982, Carsello met Gibson at the Spinning Wheel restaurant in Wilmington, Delaware. At approximately 1:00 p.m. Carsello purchased the .12 gauge and .20 gauge shotguns referred to in Counts I and II of the indictment, as well as the Information.

On July 28, 1982, while continuing to act in an undercover capacity, Agent Carsello again met with Gibson and another man at 35th and Governor Printz Boulevard. As a result of this meeting, Gibson provided Carsello with the semi-automatic pistol charged in Count III of the indictment. (D.I. 31 at 13.)

---

**1.** Fed.R.Crim.P. 35(a) provides in pertinent part:
   (a) Correction of Sentence. The court may correct an illegal sentence at any time.

**2.** 28 U.S.C. § 2255 provides in pertinent part:
   A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States ... or [that the sentence] is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

## DISCUSSION

To recapitulate, Gibson pled guilty to two separate violations of Section 1202(a)(1). He pled guilty to illegally possessing two shotguns on July 13, 1982 while he was a convicted felon. He also pled guilty to possessing a semi-automatic pistol on July 28, 1982 while he was a convicted felon. Section 1202(a)(1) provides in pertinent part:

Any person who—

(1) has been convicted by a court of the United States or of a State or any political subdivision thereof of a felony . . .

and who receives, possesses, or transports in commerce or affecting commerce . . . any firearm shall be fined not more than $10,000 or imprisoned for not more than 2 years, or both.

Gibson essentially argues that his sentence is illegal because consecutive sentences on Count III of the indictment and the Information constitute multiple punishment for the same offense under the double jeopardy clause of the Fifth Amendment.[3] Gibson correctly asserts that the prohibition against multiple punishments for the same offense is a core double jeopardy clause protection. As the government notes, Gibson advances theoretically correct legal propositions, but they are inapplicable to the facts set forth in the record.

In discussing the double jeopardy clause, the Supreme Court has held that, when consecutive sentences are imposed, a district court must not exceed its legislative authorization by imposing multiple punishments for the same offense. *See Bell v. United States,* 349 U.S. 81, 75 S.Ct. 620, 99 L.Ed. 905 (1955). Nevertheless, when multiple violations (as contrasted with simultaneous violations) of the same statute occur, multiple convictions are permissible. *See, e.g., United States v. Killebrew,* 560 F.2d 729 (6th Cir.1977). Because multiple punishments, in the form of consecutive sentences, were imposed on Gibson, the Court must determine whether the record supports two violations of section 1202(a)(1).

There is no controlling precedent directly on point in the Third Circuit. In *United States v. Marino,* 682 F.2d 449 (3d Cir. 1982), the court held that the *simultaneous* possession of two or more firearms constitutes a single offense under Section 1202(a). This case, however, is not controlling because Marino simultaneously possessed three firearms in his home at the same time, which the Third Circuit ruled constituted one, undifferentiated offense under section 1202(a). In contrast, here, the two violations of section 1202(a) to which Gibson pled guilty did not occur simultaneously. Gibson pled guilty to possessing two shotguns on July 13, 1982 at the Spinning Wheel restaurant in Wilmington, Delaware. Gibson also pled guilty to possessing a semi-automatic pistol on July 28, 1985 at 35th and Governor Printz Boulevard. The two violations of section 1202(a) to which Gibson pled guilty involved different firearms that were possessed at different locations on different dates.

The Third Circuit has expressly left open the question presented by Gibson's motion, that is, whether possession of different firearms at different locations on different days constitute separate offenses punishable by section 1202(a). *See Marino,* 682 F.2d at 455 n. 8 ("A different question is posed when the Government presents evidence that the firearms were received or possessed at different times. . . . This issue is not before us in this case, and so we do not pass upon it.") Nonetheless, an evaluation of the case law of other circuits, when coupled with section 1202(a)'s language, leads the Court to conclude, on the facts of this case, that separate punishments and therefore consecutive sentences were authorized.

In *United States v. Bullock,* 615 F.2d 1082 (5th Cir.), *cert. denied,* 449 U.S. 957, 101 S.Ct. 367, 66 L.Ed.2d 223 (1980), the court, in interpreting a fact pattern similar

---

**3.** U.S. Const. amend. V provides in pertinent part: "No person shall . . . be subject for the same offense to be twice put in jeopardy of life or limb."

to this case, held that section 1202(a) allowed the government to treat each of several firearms not simultaneously possessed as separate units of prosecution. Hence, the *Bullock* court concluded that a defendant can be punished separately for separate possessions under section 1202(a). The *Killebrew* court went even further, holding that a defendant can be multiply convicted and punished for separately receiving, even though simultaneously possessing, multiple firearms. 560 F.2d at 734.

Other circuit courts, in addition to *Marino*, have concluded that the amorphous language in section 1202(a), as well as the lack of discernible legislative history, prevents a defendant from being punished multiply for a simultaneous possession of multiple firearms. *See, e.g., Bullock*, 615 F.2d at 1086; *United States v. Rosenbarger*, 536 F.2d 715 (6th Cir.1976), *cert. denied*, 431 U.S. 965, 97 S.Ct. 2920, 53 L.Ed.2d 1060 (1977); *United States v. Kinsley*, 518 F.2d 665 (8th Cir.1975); *United States v. Calhoun*, 510 F.2d 861 (7th Cir.1975). In so holding, these courts relied either on the well established principle of leniency, *see Rewis v. United States*, 401 U.S. 808, 812, 91 S.Ct. 1056, 1059, 28 L.Ed.2d 493 (1971), or on the notion that Congress should explicitly define the criminal activity which is sought to be punished, *see United States v. Bass*, 404 U.S. 336, 92 S.Ct. 515, 30 L.Ed.2d 488 (1971).

Although the one offense rule under section 1202(a) is well established with respect to simultaneous possessions, a different conclusion is axiomatically reached with respect to unrelated possessions. Section 1202(a) facially sanctions multiple statutory violations when different firearms are possessed at different times and at different locations. This is the situation presently before the Court. Section 1202(a) can be multiply violated when unrelated possessions are shown by the government. Indeed, a contrary reading of section 1202(a) would mean that, irrespective of the scope and magnitude of a defendant's activity, he or she could only suffer a maximum of one section 1202(a) conviction. Such an interpretation is unsupportable.

In sum, Gibson was convicted and sentenced to two years' imprisonment for illegally possessing two shotguns on July 13, 1982 at one location. He was also convicted and sentenced to two years' imprisonment for illegally possessing a semi-automatic pistol on July 28, 1982 at another location. These acts compose two different offenses. Because these two section 1202(a)(1) violations were separate in time and place, as opposed to simultaneous, the conclusion apodictically follows that consecutive sentences were appropriate.

An order will be entered in accordance with this memorandum opinion.