**UNITED STATES of America**

**v.**

**Bruce Vernon GIBSON, Appellant.**

**No. 86–5304.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) Dec. 15, 1986.

Decided Jan. 12, 1987.

Bruce Vernon Gibson, pro se.

William C. Carpenter, Jr., U.S. Atty., David E. Weiss, Asst. U.S. Atty., Wilmington, Del., Kathleen Hadley, for appellee.

Before GIBBONS, WEIS and MARIS, Circuit Judges.

## OPINION OF THE COURT

MARIS, Circuit Judge.

Bruce Vernon Gibson was convicted in the District Court for the District of Delaware upon his plea of guilty to two violations of 18 U.S.C. App. II § 1202(a)(1).[1] The first violation, charged in an information filed against him, was his possession on July 13, 1982 of firearms, two shotguns. The second, charged in Count III of a prior indictment, was his possession on July 28, 1982 of a firearm, a semi-automatic pistol. Each charged that he had been convicted of a felony in the Superior Court of the State of Delaware on July 1, 1981. The guilty pleas were entered on May 11, 1983 pursuant to a plea agreement under which Counts I and II of the indictment were dismissed. On June 22, 1983 the district court sentenced Gibson to two years imprisonment on Count III of the indictment and two years imprisonment on the information, the sentences to be served consecutively. On April 9, 1986 the defendant Gibson filed a motion in the district court pursuant to Rule 35(a) of the Federal Rules of Criminal Procedure and 28 U.S.C. § 2255 to correct the sentence. The defendant urged in support of his motion that the possession of the three firearms involved constituted but a single offense and that, therefore, imposing two consecutive sentences with respect to them was in viola-

---

1. "(a) Any person who—

    (1) has been convicted by a court of the United States or of a State or any political subdivision thereof of a felony, or

    ·    ·    ·    ·    ·

and who receives, possesses, or transports in commerce or affecting commerce, after the date of enactment of this Act [June 19, 1968], any firearm shall be fined not more than $10,000 or imprisoned for not more than two years, or both...." 18 U.S.C.App. II § 1202(a)(1).

tion of the constitutional ban against putting him in double jeopardy for the same offense. Holding that the possession of different firearms at different times constituted separate offenses, the district court, 633 F.Supp. 1270, denied the motion and the present appeal followed. Being in accord with the view taken by the district court, we affirm.

In *United States v. Marino*, 682 F.2d 449 (3d Cir.1982), we held that the simultaneous possession of several firearms by a convicted felon on a single date at a single location constitutes a single offense under § 1202(a). In so holding we were in accord with all the other courts of appeals that have considered the question. Those courts have uniformly held that the statutory language, "any firearm," is ambiguous when applied to a group of firearms possessed at a single time and place and that, therefore, in such a case the rule of lenity should be applied in favor of the accused. There was no showing in the *Marino* case that the firearms involved had been acquired, received, stored or transported at different times. Indeed, in note 8 to the opinion in that case Judge Garth pointed out that a different question is posed when the Government presents evidence that the firearms were received or possessed at different times. As to that question, he stated, "This issue is not before us in this case, and so we do not pass upon it." The question thus reserved in the *Marino* case is presented in the case now before us.

A number of courts of appeals have been presented in a prosecution under § 1202(a)(1) with the question whether the fact that the firearms involved had been acquired or received at different times would justify multiple prosecution in respect of those firearms even though it appeared that, after their acquisition and at the time of their discovery by the authorities, they were all being possessed in a single place. These courts have uniformly upheld multiple prosecution in these cases. *United States v. Wiga*, 662 F.2d 1325 (9th Cir.1981), *cert. denied*, 456 U.S. 918, 102 S.Ct. 1775, 72 L.Ed.2d 178 (1982); *United*

*States v. Bullock*, 615 F.2d 1082 (5th Cir.), *cert. denied*, 449 U.S. 957, 101 S.Ct. 367, 66 L.Ed.2d 223 (1980); *United States v. Killebrew*, 560 F.2d 729 (6th Cir.1977). And in *United States v. Filipponio*, 702 F.2d 664 (7th Cir.1983), the precise question now before us was presented to the Court of Appeals for the Seventh Circuit which held that the defendant's possession of two weapons, each at a different time and place, constituted two distinct offenses and justified imposing consecutive sentences. Since we see no ambiguity in the statute when applied to such a situation as this, we find no occasion to apply the rule of lenity and hold, in accord with the ruling in the *Filipponio* case, that the district court did not err in imposing consecutive sentences in the present case.

The order of the district court will be affirmed.