UNITED STATES of America

v.

Patrick P. CAMPBELL, Senior
Chief Electrician's Mate
(E–8), U.S. NAVY.

NMCCA 200700643.

U.S. Navy–Marine Corps Court
of Criminal Appeals.

Sentence Adjudged 1 May 2007.

24 April 2008.

For Appellant: LT Dillon Ambrose, JAGC, USN.

For Appellee: LCDR Ross Weiland, JAGC, USN; Maj Tai Le, USMC; LT Justin Dunlap, JAGC, USN.

Before FELTHAM and GEISER, Senior Judges, and MITCHELL, Appellate Military Judge.

## PUBLISHED OPINION OF THE COURT

FELTHAM, Senior Judge:

A military judge, sitting as a special court-martial, convicted the appellant, pursuant to his pleas, of two specifications of violation of a lawful general order, two specifications of possession of media containing child pornography under 18 U.S.C. § 2252A, and one specification of possession of child pornography, in violation of Articles 92 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 892 and 934. The appellant was sentenced to four months confinement, reduction to pay grade E–1, and a bad-conduct discharge. The convening authority (CA) approved the sentence as adjudged.

The appellant raises three assignments of error, all regarding his possession of child pornography.[1] We have examined the record of trial, the appellant's brief and assignments of error, the Government's response, the appellant's reply, and considered the oral arguments of counsel before the court on 25 January 2008. We conclude that the specifications alleging possession of media containing child pornography and the specification alleging a separate possession of the images saved on the media are multiplicious for sentencing. We will take appropriate action in our decretal paragraph. After our corrective action, we conclude that the findings and the sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant remains. Arts. 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a) and 866(c).

---

1. I. BECAUSE ALL THREE SPECIFICATIONS OF CHARGE II ALLEGE THE EXACT SAME CONDUCT, POSSESSION OF THE SAME 38 IMAGES OF CHILD PORNOGRAPHY, THE GOVERNMENT ENGAGED IN AN UNREASONABLE MULTIPLICATION OF CHARGES.
II. ALL THREE SPECIFICATIONS UNDER CHARGE II ARE MULTIPLICIOUS WITH EACH OTHER, AS EACH SPECIFICATION CHARGES THE VERY SAME OFFENSE.
III. ASSUMING *ARGUENDO* THAT THE SPECIFICATIONS UNDER CHARGE II ARE NOT UNCONSTITUTIONALLY MULTIPLICIOUS, THEY ARE CLEARLY MULTIPLICIOUS FOR SENTENCING PURPOSES.

## Facts

It is undisputed that the appellant took possession of 38 images of child pornography by downloading them from the Internet to his government computer. He then copied these same 38 images onto six compact disks. Later, he used one of the compact disks to upload the same 38 images onto his personal computer at home.

The Government took two approaches in charging. The appellant's downloading of child pornography to the hard drive of his government computer was charged as possessing a computer hard drive containing child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(A), under clause 3 of Article 134, UCMJ.[2] The subsequent transfer of the same images to compact disks resulted in a second clause 3 specification alleging possession of compact disks containing child pornography, again in violation of 18 U.S.C. § 2252A(a)(5)(A). The third specification charged the appellant with possessing the same images of child pornography on his home computer, after he uploaded them onto it from a compact disk. Since the home computer was not located on land owned by the United States Government, the appellant was charged under clauses 1 and 2 of Article 134.

## Multiplicity and Unreasonable Multiplication of Charges

The appellant contends that all three specifications of Charge II are multiplicious for findings with each other. He claims that the same offense, possession of the same 38 images of child pornography, is charged in Specifications 1 and 2 as multiple violations of the same statute, 18 U.S.C. § 2252A(a)(5)(A). He further claims that the same offense charged in Specifications 1 and 2 is charged again in Specification 3 under an alternative statute, Article 134, UCMJ. He argues that the three specifications are based on a single downloading of 38 images from the Internet, and that his subsequent transfer of those same images to compact disks,

and then to his home computer, was a single uninterrupted possession. The appellant also argues that his criminality was exaggerated because the three specifications are all based on the same possession of child pornography and thus constitute an unreasonable multiplication of charges. We disagree.

### A. Multiplicity

■ We review multiplicity claims *de novo*. *United States v. Palagar*, 56 M.J. 294, 296 (C.A.A.F.2002). Multiplicity is a constitutional violation of the Double Jeopardy Clause, and occurs when a court, " 'contrary to the intent of Congress, imposes multiple convictions and punishments under different statutes for the same act or course of conduct.' " *United States v. Paxton*, 64 M.J. 484, 490 (C.A.A.F.2007)(quoting *United States v. Teters*, 37 M.J. 370, 373 (C.M.A. 1993)).

■ Specifications are multiplicious for findings if each alleges the same offense, if one offense is necessarily included in the other, or if they describe substantially the same misconduct in two different ways. RULE FOR COURTS-MARTIAL 907(b)(3)(B), MANUAL FOR COURTS-MARTIAL, UNITED STATES (2005 ed.), Discussion. An unconditional guilty plea ordinarily waives a multiplicity issue unless the offenses are "facially duplicative, that is, factually the same." *United States v. Lloyd*, 46 M.J. 19, 23 (C.A.A.F. 1997). A determination that the charges are facially duplicative is made by reviewing the language of the specifications and the facts in the record pertaining to the charges. *United States v. Madigan*, 54 M.J. 518, 521 (N.M.Ct.Crim.App.2000)(citing *Heryford*, 52 M.J. at 266).

■ Reviewing the three specifications of Charge II, we find that they are not facially duplicative. Specifications 1 and 2, which are charged under 18 U.S.C. § 2252A(a)(5)(A), pertain to the possession of two distinct pieces of media containing images of child pornography, while Specification 3, charged

---

**2.** 18 U.S.C. § 2252A(a)(5)(A) proscribes "knowingly possess[ing] any book, magazine, periodical, film, videotape, computer disk, or any other material that contains an image of child pornography . . ." in the "special maritime and territorial jurisdiction of the United States, or on any land or building owned by, leased to, or otherwise used by or under the control of the United States Government. . . ."

under clauses 1 and 2 of Article 134, UCMJ, pertains to the possession of these images on different media. Specifications 1 and 2 pertain to the possession of images of child pornography on land owned by the United States Government, whereas Specification 3 pertains to possession of images of child pornography at the appellant's home in Port Orchard, Washington. Therefore, it is unnecessary for us to consult the facts apparent on the face of the record to determine whether the appellant's unconditional guilty plea waived this issue on appeal. Even if we were to further consult the record, we would not reach a different conclusion. The appellant has not met his burden of overcoming waiver, and we find the assignment of error asserting that all three specifications of Charge II are multiplicious for findings to be without merit.

## B. Unreasonable Multiplication of Charges

■ The doctrine of unreasonable multiplication of charges stems from "those features of military law that increase the potential for overreaching in the exercise of prosecutorial discretion." *United States v. Quiroz*, 55 M.J. 334, 337 (C.A.A.F.2001)(*Quiroz III*). To resolve a claim of unreasonable multiplication of charges, we apply the five factors that have come to be known as the "*Quiroz* factors." *See Quiroz III*, 55 M.J. at 338 (approving, with modification, the test established by *United States v. Quiroz*, 53 M.J. 600, 607 (N.M.Ct.Crim.App.2000)(en banc)(*Quiroz II*), *revd. on other grounds*, 55 M.J. at 334 (C.A.A.F.2001)(*Quiroz III*)) They are: (1) whether the appellant objected at trial that there was an unreasonable multiplication of charges and/or specifications; (2) whether the charges and specifications are aimed at distinctly separate criminal acts; (3) whether the number of charges and specifications misrepresents or exaggerates the appellant's criminality; (4) whether the number of charges and specifications unreasonably increases the appellant's punitive exposure; and (5) whether there is any evidence of prosecutorial overreaching or abuse in the drafting of the charges.

Weighing the five factors together, we will determine whether there has been an unrea-sonable multiplication of charges. *United States v. Quiroz*, 57 M.J. 583, 585–86 (N.M.Ct.Crim.App.2002)(en banc)(*Quiroz IV*), *aff'd*, 58 M.J. 183 (C.A.A.F.2003)(summary disposition)(*Quiroz V*). When conducting a *Quiroz* analysis, we are mindful that "what is substantially one transaction should not be made the basis for an unreasonable multiplication of charges against one person." R.C.M. 307(c)(4), Discussion.

■ Applying the *Quiroz* factors to the facts of this case, we note that the appellant did not object to an unreasonable multiplication of charges at trial. While failure to object at trial may significantly weaken a later claim of an unreasonable multiplication of charges on appeal, it is not dispositive of the issue. *Quiroz II*, 53 M.J. at 607. Congress, in Article 66(c), UCMJ, provided each Court of Criminal Appeals with the authority and the responsibility to affirm only such findings and sentence as it finds correct and determines, on the basis of the entire record, should be approved. We have the authority to determine the circumstances, if any, under which to apply waiver or forfeiture to the type of error at issue in the instant case. *Quiroz III*, 55 M.J. at 338. We decline to apply waiver in this instance, and will address the appellant's claim of an unreasonable multiplication of charges.

■ With regard to the second and third *Quiroz* factors, this case presents an issue of first impression as to whether a service member may be charged with separate offenses for possessing identical images of child pornography in multiple electronic media (i.e., on a computer hard drive, as well as on compact disks to which the images have been copied, and on an additional computer to which the images have been uploaded).

This court has previously held that receiving and viewing images of child pornography through the Internet is a separate crime from the act of saving some of those images in a specific folder on a computer for future viewing.

[T]he crime of receiving the pornographic images is complete at the time the appellant downloaded the images to view them .... the appellant's possession of these

images continued long after their receipt, because he had saved the images on the computer and was thus able to display them at will as he chose. We therefore find the receipt of the child pornography to be factually distinct from its possession in the appellant's case.

*United States v. Madigan*, 54 M.J. 518, 521 (N.M.Ct.Crim.App.2000). We have not, however, addressed whether possession of the same images of child pornography in multiple media is a single offense or multiple offenses, with a separate offense for each type of material or media possessed. Our superior court has not addressed this issue, nor have any of the other service courts of criminal appeals.

In *United States v. Planck*, 493 F.3d 501 (5th Cir.2007), a case of first impression, the United States Court of Appeals for the Fifth Circuit provided a compelling rationale for charging possession of child pornography on different media as separate crimes. Planck was charged with four counts of distribution of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(2)(B), 2252A(b)(1), and 2256; and three counts of possession of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B), 2252A(b)(2), and 2256.[3]

In 2003, the Government executed a search warrant at Planck's residence, and seized a desktop computer, a laptop computer, and 223 computer diskettes. The desktop computer contained 88 videos and still photographic images of child pornography. The laptop computer contained four still photographs, and the diskettes contained thousands of images of child pornography. Planck was charged with four counts of distribution of child pornography and three counts of possession of child pornography.

At trial, Planck moved to dismiss two of the possession counts on multiplicity grounds, contending he was being prosecuted three times for the same act of possession. He argued that "despite the possession of child pornography in three different *types* of devices, his acts still constituted only a single violation of § 2252A(a)(5)(B), because he was found in possession of the images at the same time and place." *Planck*, 493 F.3d at 503 (italics in original). The Government countered that "although the counts arose under the same statutory provision, the device involved in each count (desktop computer, laptop computer, and diskettes), and the images in each of those devices, differed." *Id.* at 502. The district court denied Planck's motion, and he pleaded guilty to all seven counts. He then appealed his possession convictions, contending that the underlying counts were multiplicious.

Acknowledging that the matter was one of first impression, the Fifth Circuit looked to analogous cases and statutes for guidance, including statutes criminalizing the possession of firearms and false money orders. *Id.* at 503. It held:

> [T]he desktop, laptop and diskettes Planck possessed were three separate types of material or media, each capable of independently storing images of child pornography. Along that line, where a defendant has images stored in separate materials ... such as a computer, a book, and a magazine, the Government may charge multiple counts, each for the type of material or media possessed, as long as the prohibited images were obtained through the result of different transactions.
>
> A contrary result would allow amassing a warehouse of child pornographic materi-

---

**3.** While Planck was charged under a different subsection of 18 U.S.C. § 2252A(a)(5) than the appellant, this distinction does not affect our analysis of the appellant's multiplicity claim. Both 18 U.S.C. § 2252A(a)(5)(A) and 18 U.S.C. § 2252A(a)(5)(B) criminalize the possession of images of child pornography. One can violate 18 U.S.C. § 2252A(a)(5) either by possessing images of child pornography "in the special maritime or territorial jurisdiction of the United States, or on any land or building ... under the control of the United States Government [ (18 U.S.C. § 2252A(a)(5)(A)) ]" or by possessing im-

ages of child pornography that have been moved "in interstate or foreign commerce [ (18 U.S.C. § 2252A(a)(5)(B)) ]." Both subsections proscribe possession of material containing images of child pornography. For purposes of our analysis, the only significant distinction between the two is that each uses a different jurisdictional element. Therefore, although the appellant was charged under a different subsection than Planck, we nonetheless find the Fifth Circuit's treatment of Planck's multiplicity claim highly instructive in our evaluation of the instant case.

al—books, movies, computer images with only a single count of possession as a potential punishment.

*Id.*, 493 F.3d at 504 (internal citation omitted).

While *Planck* is factually distinct from the appellant's case in that Planck possessed different images in three different media, and the appellant possessed identical images in three different media, we find the Fifth Circuit's reasoning instructive in addressing the appellant's multiplicity claim. "For the possession statute in issue ... the *actus reus* is the possession of child pornography; the Government need only prove the defendant possessed the contraband at a single place and time to establish a single act of possession and, therefore, a single crime." *Id.* at 505 (citing *United States v. Prestenbach*, 230 F.3d 780, 783 (5th Cir.2000)). "Through different transactions, Planck possessed child pornography in three separate places—a laptop and desktop computer and diskettes— and, therefore, committed three separate crimes. The counts are not multiplicious." *Id.* at 505.

This analysis is consistent with the express wording of the statute, which specifically criminalizes the knowing possession of any book, magazine, periodical, film, videotape, computer disk, or any other material that contains an image of child pornography. The similarity of the proscribed images is not the controlling factor in the determining what constitutes possession of child pornography. Rather, the possession of separate media containing contraband images provides an independent basis for each charge, irrespective of the similarity or differences of the contraband images. Like Planck, the appellant possessed separate and distinct media containing child pornography: the hard drive of his desktop government computer, located in his workspace; multiple compact disks, also in his workspace; and the hard drive of his personal computer, at his residence. Although the images possessed were identical, each possession on different media was a separate crime, and, therefore, a proper basis for a separate specification alleging possession, regardless of the similarity of the images in each instance.

Therefore, we adopt the Fifth Circuit's rationale, and hold that the appellant's possession of images of child pornography on his office computer as a result of his initial downloading of the images, and his possession of child pornography on computer disks as a result of his subsequent copying of those same images to separate media, were separate and distinct criminal actions, each one falling squarely within the statutory prohibition of 18 U.S.C. § 2252(a)(5)(A), prohibiting the possession of media containing child pornography.

With regard to the fourth *Quiroz* factor, there is no question that charging the appellant with separate offenses for possessing identical images of child pornography in multiple electronic media significantly increased his punitive exposure. However, having concluded that the three specifications of Charge II were directed at separate and distinct criminal acts, and did not misrepresent or exaggerate the appellant's criminality, we find that the increase in his punitive exposure was not unreasonable.

Finally, we find that the charging strategy in this case reflects a reasoned approach by the Government. As already discussed, each specification of Charge II addressed a separate and distinct electronic medium in which the appellant chose to possess images of child pornography. Additionally, each specification was drafted with a jurisdictional element that reflected whether the appellant's possession of images of child pornography occurred on land owned by the United States Government or at his privately-owned residence. On these facts, we do not find prosecutorial overreaching. Weighing all of the foregoing factors together, we find no unreasonable multiplication of charges.

We decline to grant relief on the appellant's first and second assignments of error.

**Multiplicity for Sentencing**

In his third assignment of error, the appellant claims the three specifications of Charge II are multiplicious for sentencing purposes, but substantively argues in his brief that the findings reflected an unreasonable multiplication of charges. As previously discussed, multiplicity and unreasonable multiplication

of charges are distinct concepts, although the two terms are often, and incorrectly, used interchangeably. *United States v. Markert,* 65 M.J. 677, 683 (N.M.Ct.Crim.App.2007) (citing *United States v. Roderick,* 62 M.J. 425, 433 (C.A.A.F.2006)), *rev. denied,* 66 M.J. 107 (C.A.A.F.2008).

An accused may move for relief based on the concept of multiplicity for sentencing. *See* R.C.M. 906(b)(12).[4] However, an offense that is not multiplicious for findings is normally not multiplicious for sentencing. *United States v. Balcarczyk,* 52 M.J. 809, 812 (N.M.Ct.Crim.App.2000)(citing *United States v. Oatney,* 41 M.J. 619, 623 (N.M.Ct.Crim. App.1994)).

During sentencing, the appellant moved to consolidate Charge II, Specifications 1 and 2, arguing that they were multiplicious for sentencing. The military judge agreed and consolidated the two specifications, but did not make findings of fact or conclusions of law to explain her rationale. (Record at 97–98). The appellant did not argue that Specifications 1 and 2 of Charge II were multiplicious for sentencing with Specification 3.

The first two specifications of Charge II were charged under clause 3 of Article 134, assimilating 18 U.S.C. § 2252A, and alleged the possession of different media containing identical images of child pornography, rather than possession of the images themselves. Each specification alleged that the conduct described therein was prejudicial to good order and discipline or likely to bring discredit upon the armed forces.

Specification 3, on the other hand, charged the appellant with possession of the same images that were also on the media charged in Specifications 1 and 2, which conduct, it alleged, was prejudicial to good order and

discipline or likely to bring discredit upon the armed forces. Having reviewed the record, we find that the prejudice to good order and discipline, or likelihood of discredit to the armed forces, to be identical for the conduct alleged in all three specifications of Charge II. Therefore, we conclude that Specification 3 of Charge II was multiplicious for sentencing purposes with Specifications 1 and 2, as those two specifications were combined by the military judge for sentencing.

### Sentence Reassessment

Having concluded that Specification 3 of Charge II is multiplicious for sentencing with Specifications 1 and 2 combined, we must reassess the sentence. Therefore, we will apply the principles of *United States v. Peoples,* 29 M.J. 426 (C.M.A.1990) and *United States v. Sales,* 22 M.J. 305 (C.M.A.1986).

In view of the charges and specifications of which the appellant was convicted, the evidence properly admitted during the presentencing hearing, and considering the three specifications of Charge II as multiplicious for sentencing, we are confident that the minimum sentence in this case would at least have included confinement for four months, reduction to pay grade E–1, and a bad-conduct discharge.

### Conclusion

Accordingly, we affirm the findings and the sentence approved by the CA.

Senior Judge GEISER and Judge MITCHELL concur.

4. Determination of multiplicity of offenses for sentencing purposes. The Discussion notes that a ruling on this motion should be deferred until findings are entered.