UNITED STATES, Appellee

v.

Patrick P. CAMPBELL, Senior Chief Electrician's Mate
U.S. Navy, Appellant

No. 08-0660

Crim. App. No. 200700643

United States Court of Appeals for the Armed Forces

Argued October 7, 2009

Decided December 10, 2009

STUCKY, J., delivered the opinion of the Court, in which EFFRON, C.J., and BAKER, ERDMANN, and RYAN, JJ., joined.


<u>Counsel</u>


For Appellant:  Lieutenant <u>Dillon J. Ambrose</u>, JAGC, USN (argued).


For Appellee:  Colonel <u>Louis J. Puleo</u>, USMC (argued); Lieutenant <u>Elliot W. Oxman</u>, JAGC, USN, and <u>Brian K. Keller</u>, Esq.


Military Judge:  Tammy P. Tideswell


<u>**THIS OPINION IS SUBJECT TO REVISION BEFORE FINAL PUBLICATION.**</u>

Judge STUCKY delivered the opinion of the Court.

We granted review of three issues raised by the decision of the United States Navy-Marine Corps Court of Criminal Appeals (CCA), as follows:

I.  WHETHER THE LOWER COURT ERRED IN REASSESSING APPELLANT'S SENTENCE, AS (1) ITS REASSESSMENT CALCULUS WAS BASED UPON AN ERRONEOUS UNDERSTANDING OF WHAT SPECIFICATIONS WERE MERGED; (2) IT ABUSED ITS DISCRETION IN FAILING TO ORDER A SENTENCE REHEARING IN LIGHT OF APPELLANT BEING SENTENCED UPON TWICE THE AMOUNT OF SPECIFICATIONS AS APPROPRIATE; AND (3) THE UNDERLYING LOGIC USED TO NOT REDUCE APPELLANT'S SENTENCE WAS FAULTY.

II.  WHETHER THE LOWER COURT ERRED IN FINDING THAT POSSESSION OF THE SAME IMAGES OF CHILD PORNOGRAPHY ON DIFFERENT MEDIA CAN BE CHARGED AS SEPARATE CRIMES UNDER 18 U.S.C. § 2252A.

III. WHETHER THE LOWER COURT ERRED IN DETERMINING THAT THE THREE SPECIFICATIONS UNDER CHARGE II WERE NOT "FACIALLY DUPLICATIVE."

We hold that Appellant's unconditional guilty plea waived Issue II on appeal, and that the specifications were not "facially duplicative" under Issue III.  However, we hold that the CCA erred in part on Issue I and remand for sentence reassessment.

I.

In exchange for the convening authority's agreement to cap the period of confinement she would approve, and other financial provisions, Appellant pled guilty, before a special court-martial consisting of a military judge sitting alone, to

violating a general order, Article 92, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 892 (2006), by (1) storing pornographic images on the hard drive of a government computer, and (2) using a government computer to search for adult and child pornography.  He also pled guilty to three specifications of possession of child pornography under Article 134, UCMJ, 10 U.S.C. § 934 (2006), as follows:  (1) on the hard drive of a government computer at his workplace, in violation of the Child Pornography Prevention Act of 1996, 18 U.S.C. § 2252A (2006); (2) on six rewritable media disks, on base, in violation of 18 U.S.C. § 2252A; and (3) on his home computer (which was prejudicial to good order and discipline or service discrediting).  Both of the specifications alleging a violation of § 2252A also alleged that Appellant's conduct was prejudicial to good order and discipline or service discrediting.  The military judge accepted Appellant's pleas.

During sentencing, upon Appellant's motion, the military judge considered the two specifications of Charge I (Article 92) "as sort of one specification together just for sentencing purposes under the theory of multiplication."  The military judge sentenced Appellant to a bad-conduct discharge, confinement for four months, and reduction to the lowest enlisted grade.  The convening authority approved the adjudged sentence.

United States v. Campbell, No. 08-0660/NA

The CCA was under the impression that the military judge had found specifications 1 and 2 of Charge II (Article 134) multiplicious for sentencing when in fact she had consolidated the two specifications of Charge I. See United States v. Campbell, 66 M.J. 578, 584 (N-M. Ct. Crim. App. 2008). Then, finding "the prejudice to good order and discipline, or likelihood of discredit to the armed forces, to be identical for the conduct alleged in all three specifications of Charge II," the CCA found that all of the Article 134 offenses were multiplicious for sentencing,[1] but nevertheless affirmed the findings and the approved sentence. Id.

## II.

Appellant asserts that his two convictions under Article 134 for violating 18 U.S.C. § 2252A should have been merged because both specifications concerned the possession of the same child pornography images, although on two separate media. He contends that because § 2252A made criminal the possession of "any" media containing child pornography, "the proper 'unit of prosecution' [under § 2252A] cannot be ascertained," requiring, under the rule of lenity, a single prosecution for all media. In addition, he asserts that, as each of the three specifications alleging possession of child pornography under

---

[1] There is neither citation nor explanation as to how the court arrived at this conclusion.

Article 134 (including the two alleged as violations of § 2252A) is factually the same as the others, two specifications should be set aside and dismissed.  Both issues sound in multiplicity.

By pleading guilty, an accused does more than admit that he did the various acts alleged in a specification; "he is admitting guilt of a substantive crime."  United States v. Broce, 488 U.S. 563, 570 (1989).  "Just as a defendant who pleads guilty to a single count admits guilt to the specified offense, so too does [an accused] who pleads guilty to two counts with facial allegations of distinct offenses concede that he has committed two separate crimes."  Id.  Appellant pled guilty to each of the three specifications.  Instead of entering guilty pleas, Appellant had the opportunity to challenge the theory of the specifications and attempt to show that the possession of the child pornography images amounted to only one offense.  He "chose not to and hence relinquished that entitlement" in the absence of the specifications being facially duplicative.  Id. at 571; see United States v. Ramsey, 52 M.J. 322, 324 (C.A.A.F. 2000); United States v. Lloyd, 46 M.J. 19, 23 (C.A.A.F. 1997).

The three specifications in question are as follows:

Specification 1:  In that [Appellant] . . . did, on or about 21 June 2006, at Naval Base Kitsap, Bremerton, WA, land owned by the United States Government, knowingly possess on his government computer account child pornography images in violation of 18 U.S.C. §

2252A, including: 24803531.jpg, which conduct was prejudicial to good order and discipline or likely to bring discredit upon the armed forces.

Specification 2: In that [Appellant] . . . did, on or about 22 June 2006, at Naval Base Kitsap, Bremerton, WA, land owned by the United States Government, knowingly possess approximately 9 TDK Compact Disc Rewritable media discs labeled "mode," "mode 2," "mode 3," "mode 4," "mode 5," "mode 7," "mode 8," "mode 9," and "mode 10," containing child pornography images in violation of 18 U.S.C. § 2252A, including: lsm04-08-040.jpg, and lsm04-01-074.jpg, which conduct was prejudicial to good order and discipline or likely to bring discredit upon the armed forces.

Specification 3: In that [Appellant] . . . did, on or about 23 June 2006, at or near Port Orchard, WA, knowingly possess on his home computer images of child pornography including: 282808320.jpg and 446799872.jpg, which conduct was prejudicial to good order and discipline or likely to bring discredit upon the armed forces.

(Emphasis added to words not contained in the other specifications.)

Appellant failed in his burden to show that the three specifications of Charge II were "facially duplicative." The specifications are not factually the same. Each of the three specifications alleges a different date and a different medium on which the images of child pornography were possessed. In addition, specification 3 alleges that the media on which Appellant possessed the child pornography were located at Appellant's off-base home, not as in specifications 1 and 2 that alleged his possession occurred at his government office on a military installation. Thus, each requires proof of a fact not

required to prove the others. United States v. Pauling, 60 M.J. 91, 94 (C.A.A.F. 2004).[2] As Appellant pled guilty unconditionally and the specifications are not facially duplicative, Appellant waived his ability to contest whether he should have been charged with only one specification of possessing child pornography.

### III.

Appellant asserts that the lower court erred in its sentence reassessment because (1) it misunderstood the specifications that the military judge had merged, (2) it should have ordered a rehearing due to the exaggerated number of specifications alleged, and (3) the logic the court used to affirm the adjudged sentence was faulty. The Government concedes that the CCA misunderstood which specifications had been merged, and that a remand would be appropriate, but further argues that there was no prejudice.

The parties are correct -- the CCA did not recognize that the military judge had consolidated the two specifications of Charge I, rather than the two specifications of Charge II. It

---

[2] Appellant further argues that even if conviction for more than one offense is not barred, there was an unreasonable multiplication of charges in this case. See United States v. Quiroz, 55 M.J. 334, 337 (C.A.A.F. 2001). This issue is not before us on appeal.

may well be the case that, in this judge-alone special court-martial, the CCA's error was harmless. However, it did result in the lower court's laboring under a misapprehension of the total number of specifications involved. Accordingly, we will remand for the CCA to reassess the sentence. Article 66(c), UCMJ, 10 U.S.C. § 866(c) (2006); United States v. Sales, 22 M.J. 305, 307 (C.M.A. 1986).

## IV.

The decision of the United States Navy-Marine Corps Court of Criminal Appeals is affirmed as to the findings. The case is remanded to the Court of Criminal Appeals for a sentence reassessment in light of our disposition of Issue I.