# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-20690
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 15, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MAYRA GODINES-ALVAREZ, also known as Mayra Betancourt,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:13-CR-748-1

Before REAVLEY, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Mayra Godines-Alvarez pleaded guilty to conspiracy to possess with intent to distribute 50 grams or more of methamphetamine (Count One) and aiding and abetting possession with intent to distribute 50 grams or more of methamphetamine (Count Two, Count Three, and Count Four). The district court sentenced Godines-Alvarez to 168 months in prison on each count, to be

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

served concurrently.  The district court also sentenced her to a three-year term of supervised release on each count, to be served concurrently.

Godines-Alvarez argues that the district court plainly erred by applying a presumption of reasonableness to the guidelines sentencing range; determining the amount of drugs attributable to her based on her relevant conduct; finding that a sufficient factual basis existed to support her guilty plea; accepting an uninformed guilty plea; and imposing multiplicitous sentences.

As Godines-Alvarez concedes, review is limited to plain error because she failed to raise these arguments in the district court.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009).  To meet this standard, Godines-Alvarez must show an error that is clear or obvious and that affects her substantial rights. *Id.*  Even if this showing is made, this court will exercise its discretion to correct the error only if it "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings."  *Id.* (internal quotation marks and citation omitted).

Godines-Alvarez fails to show that the district court plainly erred by applying a presumption of reasonableness to the guidelines range because the district court neither discussed the presumption of reasonableness nor mandated that she demonstrate extraordinary circumstances in order to receive a variance.  *See United States v. King*, 541 F.3d 1143, 1145 (5th Cir. 2008).  She also does not demonstrate that the district court plainly erred in determining the amount of drugs attributable to her because she did not present any rebuttal evidence showing that the amount attributed to her in the presentence report was materially inaccurate or untrue.  *See United States v. Vital*, 68 F.3d 114, 120 (5th Cir. 1995); *Puckett*, 556 U.S. at 135.  In addition, Godines-Alvarez fails to establish that the district court plainly erred by

No. 14-20690

finding that a sufficient factual basis existed to support her guilty plea for Count Two, Count Three, and Count Four because she admitted that she participated in the conspiracy by arranging the logistics and deliveries of the methamphetamine. *See United States v. Hildenbrand*, 527 F.3d 466, 474-75 (5th Cir. 2008); *Puckett*, 556 U.S. at 135. She also does not show that the district court plainly erred by accepting an uninformed guilty plea because a reasonable person would have believed that she understood the nature of the charges. *See United States v. Reyes*, 300 F.3d 555, 559 (5th Cir. 2002). Finally, Godines-Alvarez fails to demonstrate that the district court erred by imposing multiplicitous sentences because each of the aiding and abetting counts related to separate and distinct acts and because the conspiracy count has different elements of proof than the aiding and abetting counts. *See United States v. Planck*, 493 F.3d 501, 503 (5th Cir. 2007); *United States v. Coward*, 595 F.2d 1023, 1029 (5th Cir. 1979); *Puckett*, 556 U.S. at 135. Accordingly, the judgment of the district court is AFFIRMED.