# UNITED STATES NAVY–MARINE CORPS COURT OF CRIMINAL APPEALS

———————————

### No. 201500295

———————————

### UNITED STATES OF AMERICA
Appellee

v.

### TANNER J. FORRESTER
Corporal (E-4), U.S. Marine Corps
Appellant

———————————

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge: Major M.D. Libretto, USMC.
For Appellant: Major Benjamin A. Robles, USMC.
For Appellee: Commander James E. Carsten, JAGC, USN; Captain
Cory A. Carver, USMC.

———————————

Decided 30 August 2016

———————————

Before BRUBAKER,[1] MARKS, and FULTON, *Appellate Military Judges*

———————————

**This opinion does not serve as binding precedent, but may be cited as persuasive authority under NMCCA Rule of Practice and Procedure 18.2.**

———————————

PER CURIAM:

A military judge sitting as a general court-martial convicted the appellant, contrary to his pleas, of six specifications of possessing child pornography in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. After findings, the military judge *sua sponte* consolidated some specifications, resulting in a total of four guilty findings. The convening authority approved the adjudged sentence of 40 months' confinement, total

———

[1] Chief Judge BRUBAKER participated in the decision of this case prior to commencing terminal leave.

forfeiture of pay and allowances, reduction to pay grade E-1, and a dishonorable discharge.

The appellant raises two assignments of error: (1) the four unconsolidated specifications of which the appellant was convicted constitute an unreasonable multiplication of charges and should be consolidated into one; and (2) the military judge erred in denying the defense motion to dismiss the new specifications created when he *sua sponte* severed four specifications into eight before findings.[2] We find no prejudicial error and affirm.

## I. BACKGROUND

The appellant possessed the same set of 23 images of child pornography on three devices: a laptop computer and two separate external hard drives. The appellant also sent the images to himself on his email account. Expert testimony demonstrated that the appellant saved these images to the different media at different times.

Four of the original specifications alleged violations of Article 134, UCMJ, for possession of the same 23 images on the three different devices and in the email account. Before entry of pleas, the military judge raised the issue that the charged periods of possession straddled the effective date of Executive Order (EO) 13593,[3] which amended Part IV of the MANUAL FOR COURTS-MARTIAL, UNITED STATES (2012 ed.) to include Child Pornography as an enumerated Article 134 offense. To avoid a potential ambiguity in findings that such a charging scheme invites, the military judge—over the appellant's objection—severed each of these specifications into separate allegations of possession before and after the EO's effective date. But immediately following findings, the military judge re-consolidated those specifications back to four, as originally charged.

## II. DISCUSSION

### A. Multiplicity and unreasonable multiplication of charges

The appellant argues that it was an unreasonable multiplication of charges to treat his making successive copies of contraband images onto different media devices as separate criminal acts. We disagree.

The prohibition against unreasonable multiplication of charges is codified in RULE FOR COURTS-MARTIAL 307(c)(4), MANUAL FOR COURTS-MARTIAL, UNITED STATES (2012 ed.): "What is substantially one transaction should not be made the basis for an unreasonable multiplication of charges against one

---

[2] Raised pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).

[3] 76 Fed. Reg. 78,451, 78,458-63 (13 Dec. 2011).

person." We consider the following non-exhaustive list of factors when determining if the government has unreasonably multiplied charges:

> (1) Did the accused object at trial that there was an unreasonable multiplication of charges and/or specifications?; (2) Is each charge and specification aimed at distinctly separate criminal acts?; (3) Does the number of charges and specifications misrepresent or exaggerate the appellant's criminality?; (4) Does the number of charges and specifications unfairly increase the appellant's punitive exposure?; and (5) Is there any evidence of prosecutorial overreaching or abuse in the drafting of the charges?

*United States v. Quiroz*, 55 M.J. 334, 338-39 (C.A.A.F. 2001) (citation omitted).

We first note that following announcement of findings, the appellant requested only that the remaining specifications "be merged into a single specification for purposes of sentencing only."[4] The appellant thus concedes that because he did not object at trial to an unreasonable multiplication of charges for findings, the first *Quiroz* factor weighs against him.

The appellant instead emphasizes the second factor, asserting that a single download of contraband images—even if later separately copied to other media devices—amounts to a single criminal act of possession. We rejected this assertion in *United States v. Campbell*, 66 M.J. 578, 581-83 (N-M. Ct. Crim. App. 2008), *rev'd on other grounds*, 68 M.J. 217 (C.A.A.F. 2009). There, we relied on the holding in *United States v. Planck*, 493 F.3d 501 (5th Cir. 2007):

> [T]he desktop, laptop and diskettes Planck possessed were three separate types of material or media, each capable of independently storing images of child pornography. Along that line, where a defendant has images stored in separate materials . . . such as a computer, a book, and a magazine, the Government may charge multiple counts, each for the type of material or media possessed, as long as the prohibited images were obtained through the result of different transactions.

*Id.* at 504 (internal citation omitted).

The *Planck* court concluded, "Through different transactions, Planck possessed child pornography in three separate places—a laptop and desktop computer and diskettes—and, therefore, committed three separate crimes."

---

[4] Record at 767.

*Id.* at 505. Analogously, the *Campbell* court found that each time Campbell copied the same 38 images to other devices, it was a different transaction and thus not multiplicious or unreasonable to charge them separately. *Campbell*, 68 M.J. at 580-83.

Here, the government was able to prove that the appellant took separate steps on separate dates to copy the initial 23 images to the other media devices—and thus completed the necessary *actus reus* each time he re-copied the images. We decline the invitation to revisit *Campbell* and find that the four specifications are aimed at distinctly separate criminal acts. *Campbell*, 66 M.J. at 583; *see also United States v. Schmidt*, 2013 CCA LEXIS 226, at *8 (N-M. Ct. Crim. App. 19 Mar 2013) ("[T]he crime of receipt was completed at the time he downloaded the child pornography files to his computer. The appellant later took the separate step of copying some of the images and videos to an external hard drive. When the appellant transferred images and videos of child pornography from his laptop computer to his external hard drive, he completed a separate *actus reus*.")

As in *Campbell*, "there is no question that charging the appellant with separate offenses for possessing identical images of child pornography in multiple electronic media significantly increased his punitive exposure." *Campbell*, 66 M.J. at 583. Still, based on the appellant's acts of separately copying the images to different media devices, the four specifications do not misrepresent or exaggerate his criminality. Finally, the government took a reasoned approach to charging this case, and as the appellant concedes, there is no evidence of prosecutorial overreach. Weighing the *Quiroz* factors together, we find no unreasonable multiplication of charges.

## B. Amending specifications over defense objection

The appellant argues that the military judge erred when he severed four specifications into eight over defense objection. But the military judge appropriately identified that he had to do *something* to avoid potentially ambiguous verdicts. Each of the specifications at issue alleged that, between a date before the EO's effective date and a date after it, the appellant possessed "digital images of a minor, or what appears to be a minor, engaging in sexually explicit conduct."[5] The military judge was aware of our previous grappling with this ill-advised charging scheme. *See United States v. Barraza*, 2015 CCA LEXIS 63, at *9 (N-M. Ct. Crim. App. 26 Feb 2015).

The issue was ensuring the clarity of a future verdict. Because the specifications alleged possession after (as well as before) the effective date of the EO, the maximum punishment included 10 years' confinement and a

---

[5] Charge Sheet.

dishonorable discharge. MCM, Pt. IV, ¶ 68b(e)(1); EO 13593, 76 Fed. Reg. At 78,462. But if the government failed to prove that possession of images that are or "appear to be" a minor began or continued beyond the EO's effective date, the maximum would only have included four months' confinement and no punitive discharge. *United States v. Beaty*, 70 M.J. 39, 45 (C.A.A.F. 2011).

The military judge's approach was imperfect. First, it increased the appellant's exposure over his objection. Second, the specifications as originally alleged were not duplicitous. By enumerating child pornography as an offense under Article 134, the President was not creating a different offense: he was merely listing an example of how the Article might be violated and establishing a new maximum punishment for offenses occurring after the effective date of his action. Art. 56, UCMJ; *United States v. Jones*, 68 M.J. 465, 471-72 (C.A.A.F. 2010). But his action had the meritorious effect of making clear that the verdict included a finding that the appellant possessed child pornography after the EO's effective date, leaving no ambiguity upon appellate review. And even assuming the military judge erred by severing the specifications, he cured the error by re-consolidating them after findings but before sentencing. Finding no prejudice, we decline to grant relief. Art. 59(a), UCMJ.

### III. CONCLUSION

The findings and sentence are affirmed.

For the Court

R.H. TROIDL
Clerk of Court

