# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
MULLIGAN, FEBBO, and WOLFE
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**First Lieutenant NATHANEAL H. RAMOS**
**United States Army, Appellant**

ARMY 20140475

Headquarters, United States Army Central
Kirsten V. Brunson, Military Judge (arraignment)
Tara A. Osborn, Military Judge (trial)
Colonel Brendan M. Donahoe, Staff Judge Advocate (pretrial)
Colonel Kevin K. Robitaille, Staff Judge Advocate (post-trial)

For Appellant: Lieutenant Colonel Jonathan F. Potter, JA; Major Christopher D. Coleman, JA; Captain Payum Doroodian, JA (on brief).

For Appellee: Colonel Mark H. Sydenham, JA; Lieutenant Colonel A.G. Courie III, JA; Major Cormac M. Smith, JA; Captain John Gardella, JA (on brief).

20 October 2016

----------------------------------
MEMORANDUM OPINION
----------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

FEBBO, Judge:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of one specification of violating a lawful general regulation, one specification of conduct unbecoming an officer, and two specifications of possessing child pornography, in violation of Articles 92, 133 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 892, 933, 934 (2012) [hereinafter UCMJ]. The military judge sentenced appellant to dismissal and confinement for sixty-six months. Contrary to the terms of a pretrial agreement limiting confinement to three

years, the convening authority erroneously approved the sentence as adjudged.[1] The convening authority credited appellant with fifty-two days of confinement against his sentence to confinement for dilatory post-trial delay (forty-five days) and unlawful pretrial punishment (seven days).

This case is before the court for review pursuant to Article 66, UCMJ. Appellant raises one assignment of error which merits discussion but no relief. We find the issues raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), to be without merit.

## BACKGROUND

Appellant was a member of the Tennessee Army National Guard. In 2012, appellant received orders for 367 days[2] of active duty and deployed to the Joint Training Center Zarqa, Jordan. As appellant's unit was preparing to redeploy to the United States, appellant moved from the barracks in Jordan and left his thumb drive. An officer found the thumb drive and determined the thumb drive was named "RAMOS." Further investigation determined that appellant's thumb drive and laptop computer contained multiple images of child pornography.

In addition to over 55,000 images of adult pornography, the thumb drive contained "4,557 images of child pornography, four videos of child pornography, 8,972 animated images simulating the molestation of children, and 13,000 images of teen models." The laptop contained "hundreds of images of child porn[ography], hundreds of images of adult porn[ography], over 10,000 images of child erotica, and hundreds of animated cartoons of children being molested. Among other charges, the government charged appellant with two specifications of possession of child pornography. Specification 1 of Charge II charged possession of child pornography on the appellant's thumb drive. Specification 2 of Charge II charged possession of child pornography on appellant's laptop computer.

---

[1] This court previously granted appellant's petition for extraordinary relief in the nature of a writ of mandamus and corrected the appellant's approved sentence to a dismissal and three years confinement in accordance with the pretrial agreement and the staff judge advocate's recommendation. *United States v. Ramos*, ARMY MISC. 20160066 (Army Ct. Crim. App. 12 February 2016) (order).

[2] The record indicates that the appellant was extended on active duty several times for the purpose of this court-martial. The stipulation of fact reflects appellant was on continuous active duty between 2012 and the time of his trial on 5 June 2014.

As part of the guilty plea inquiry, the military judge went over a stipulation of fact with the appellant. The stipulation of fact states that appellant searched the internet "thousands of times" using search terms for child pornography. The stipulation of fact specifically included twenty-nine images of child pornography from the thumb drive and six images of child pornography from the laptop computer. In the stipulation of fact, the .jpg file names on the thumb drive and laptop computer are different.

When explaining why he was guilty of the possession of child pornography under Article 134, appellant stated he brought images of child pornography to Jordan on his thumb drive and laptop computer. At different times, while deployed to Jordan, appellant searched for and downloaded child pornography from file-sharing websites. Appellant stated he knowingly and wrongfully possessed child pornography on both his thumb drive and laptop computer. Appellant stated there were hundreds more images of child pornography stored on the thumb drive and laptop computers that were not listed in the stipulation of fact.

Appellant asserts that Specification 1 and Specification 2 of Charge II constitute an unreasonable multiplication of charges as it was unclear whether the images of child pornography found on appellant's laptop were also the same images of child pornography found on his thumb drive. Appellant did not raise this issue at trial. As part of his negotiated pretrial agreement, appellant pleaded guilty to both specifications of Charge II.

## LAW AND DISCUSSION

The appellant entered on unconditional guilty plea. Rule for Courts-Martial [hereinafter R.C.M.] 910(j) provides a "bright-line rule" that an unconditional guilty plea "which results in a finding of guilty waives any objection, whether or not previously raised, insofar as the objection relates to the factual issue of guilt of the offense(s) to which the plea was made." *United States v. Schweitzer*, 68 M.J. 133, 136 (C.A.A.F. 2009). Even if appellant had not waived the issue of being found guilty of possessing potentially the same images of child pornography on multiple electronic media, he would not obtain relief for an unreasonable multiplication of charges.

"What is substantially one transaction should not be made the basis for an unreasonable multiplication of charges against one person." R.C.M. 307(c)(4). The prohibition against unreasonable multiplication of charges "addresses those features of military law that increase the potential for overreaching in the exercise of prosecutorial discretion." *United States v. Campbell*, 71 M.J. 19, 23 (C.A.A.F. 2012) (quoting *United States v. Quiroz*, 55 M.J. 334, 337 (C.A.A.F. 2001)). In *Quiroz*, our superior court listed five factors to help guide our analysis of whether charges have been unreasonably multiplied:

(1) Did the accused object at trial that there was an unreasonable multiplication of charges and/or specifications?[3]
(2) Is each charge and specification aimed at distinctly separate criminal acts?

(3) Does the number of charges and specifications misrepresent or exaggerate the appellant's criminality?

(4) Does the number of charges and specifications [unreasonably] increase the appellant's punitive exposure?

(5) Is there any evidence of prosecutorial overreaching or abuse in the drafting of the charges?

55 M.J. at 338 (footnote added; internal alteration reflects *Quiroz's* holding, *id.* at 339, that "unreasonably" will be used rather than "unfairly"). The *Quiroz* factors in this case do not balance in favor of appellant. First, as stated above, he did not raise the issue of unreasonable multiplication of charges at trial and entered an unconditional guilty plea.

In regards to the second *Quiroz* factor, this case presents an issue of first impression as to whether a soldier may be charged with separate offenses for possessing potentially the same images of child pornography on multiple electronic media (i.e., on a thumb drive and laptop computer). We find persuasive the analysis and holdings of the Navy-Marine Corps Court of Criminal Appeals addressing this issue under 18 U.S.C. § 2252A(a)(5)(a) and Article 134, UCMJ. *See United States v. Campbell*, 66 M.J. 578 (N-M.Ct. Crim. App. 2008), *aff'd in part and rev'd in part on other grounds*, 68 M.J. 217 (C.A.A.F. 2009)("although images were identical, each possession on different media was a separate crime."); *United States v. Anderson*,

---

[3] This court may grant relief under our Article 66(c), UCMJ, powers to affirm "only such findings of guilty and the sentence or such part or amount of the sentence, as [we] find[] correct in law and fact and determine[], on the basis of the entire record, should be approved." *Quiroz*, 55 M.J. at 338 (quoting UCMJ art. 66(c)). This "awesome, plenary, de novo power" provides us with the authority to consider all claims of unreasonable multiplication of charges, even if raised for the first time on appeal. *Id.* (quoting *United States v. Cole*, 31 M.J. 270, 272 (C.M.A. 1990)). *See also United States v. Anderson*, 68 M.J. 378, 386 (C.A.A.F. 2010) ("[A]pplication of the *Quiroz* factors involves a reasonableness determination, much like sentence appropriateness, and is a matter well within the discretion of the [court of criminal appeals] in the exercise of its Article 66(c), UCMJ, . . . powers.").

NMCCA 201200499, 2013 CCA LEXIS 517 (N-M. Ct. Crim. App. 27 June 2013) ("Though the images were identical to the originals when viewed, the duplicates on the flash drive are separate electronic files, created by the appellant, and embedded in different media."); *see also United States v. Planck,* 493 F.3rd 501, 504-05 (5th Cir. 2007) ("[T]he *actus reus* is the possession of child pornography; the Government need only prove the defendant possessed the contraband at a single place and time to establish a single act of possession . . . . [Here, the appellant] possessed child pornography in three separate places—a laptop and desktop computer and diskettes—and, therefore, committed three separate crimes.").

Appellant does not assert that the images are actually identical on his thumb drive and laptop computer. However, even if they were identical, the specifications alleging a violation of Article 134 for possession of child pornography on appellant's thumb drive and laptop computer do not constitute an unreasonable multiplication of charges because they involve distinctly separate criminal acts. This distinction is particularly true with images of child pornography since the intent of the criminal prohibition is to limit possession, replication, and distribution of child pornography regardless of the type of media or storage device. "A contrary result would allow amassing a warehouse of child pornographic material—books, movies, computer images with only a single count of possession as a potential punishment." *Planck*, 493 F.3d at 504. The stipulation of fact clearly focused on the distinct images of child pornography on each device and the .jpg file names in the stipulation of fact were separate and distinct. Appellant did not download and possess the child pornography in a single transaction. Instead, appellant searched the internet "thousands of times" using search terms for child pornography and downloaded the images of child pornography at different times in the United States and Jordan.

Third and fourth, given the extent of appellant's criminal conduct and the terms of a pretrial agreement limiting his confinement to three years, the number of charges and specifications neither misrepresents nor exaggerates his criminality nor unreasonably increases his punitive exposure. In fact, the government's charging strategy for the child pornography charge minimized his potential criminal liability and punitive exposure. The government charged appellant with two specifications of violating Article 134 for possessing thousands of images of child pornography and four videos of child pornography.

Fifth, we see no evidence of prosecutorial overreaching or abuse in the drafting of the charges because the government simply charged appellant based on each separate, distinct criminal act he committed. Moreover, appellant specifically offered to, and did, plead guilty to each of the charges and specifications of which he was found guilty, including the charges and specifications that he now believes constitute an unreasonable multiplication of charges. Under these facts, we find that

RAMOS—ARMY 20140475

Specification 1 and Specification 2 of Charge II do not constitute an unreasonable multiplication of charges.

**CONCLUSION**

The findings of guilty and the sentence, as corrected by this court, are correct in law and fact and are AFFIRMED.

Senior Judge MULLIGAN and Judge WOLFE concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court