# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 11, 2011

No. 10-60766
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

EARLINE Y. RAWLS, also known as Earlene Rawls,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:09-CR-83-1

Before KING, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM:[*]

Earline Y. Rawls challenges her jury-trial conviction for one count of conspiracy to defraud the United States, and three counts of bank fraud. She argues the district court erroneously failed to require the Government to elect among multiplicitous counts. Rawls asserts that the indictment set forth two bank fraud counts that effectively were redundant of other counts alleged in the indictment and that she was prejudiced by the court's refusal to force an election among the identical counts. We review this claim de novo. *See United States v. Planck*, 493 F.3d 501, 503 (5th Cir. 2007).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-60766

Rawls's claim is without merit. The record supports that the district court, with the eventual agreement of the parties, merged the disputed counts before trial to prevent the jury from being presented with a multiplicitous indictment. Accordingly, she has not shown that she was prejudiced by the district court's failure to require a pretrial election. The jury was neither charged with, nor informed of, the multiplicitous counts, which the court dismissed, and Rawls was sentenced on only the counts of conviction. The jury therefore was not presented with an indictment that charged a single offense in multiple counts, and the two dangers presented by a multiplicitous indictment – i.e., that Rawls would receive more than one sentence for a single offense and that the jury would have the details of a single course of conduct presented multiple times – were eliminated. *See United States v. Swaim*, 757 F.2d 1530, 1537 (5th Cir. 1985); *United States v. Smith,* 591 F.2d 1105, 1108 (5th Cir. 1979).

Rawls argues that the evidence adduced at trial is insufficient to prove that she was guilty of conspiracy to defraud the United States. She argues that the Government failed to establish that she agreed with others to obtain funds or other property from a financial institution by fraudulent means.

Because Rawls moved for a judgment of acquittal at the close of the Government's case, we review the sufficiency of the evidence de novo and decide whether a rational juror could have found the elements of the offenses proved beyond a reasonable doubt. *United States v. Garza-Robles*, 627 F.3d 161, 166 (5th Cir. 2010). This court reviews jury verdicts with great deference and gives the Government the benefit of all reasonable inferences and credibility choices. *United States v. McCauley*, 253 F.3d 815, 818 (5th Cir. 2001) (citation, internal quotation marks, and brackets omitted).

To return a verdict of guilty, the jury had to find that Rawls (1) knowingly and voluntarily agreed with one or more persons, (2) to commit a crime against the United States, and (3) one of the conspirators committed an overt act in furtherance of that agreement. *United States v. Krenning*, 93 F.3d 1257, 1262

2

No. 10-60766

(5th Cir. 1996). The Government does not need to show that the conspiratorial agreement was explicit or formal; proof of a tacit agreement or circumstantial evidence of an agreement is sufficient. *United States v. Freeman*, 434 F.3d 369, 376 (5th Cir. 2005); *United States v. Bieganowski*, 313 F.3d 264, 277 (5th Cir. 2002).

The evidence on record provides a legally sufficient basis for the jury to find Rawls guilty of the charged offense. To the extent that Rawls argues that the evidence was insufficient because the Government did not establish an agreement between her and specific persons, her claim is unavailing. *See United States v. Thomas*, 348 F.3d 78, 83 (5th Cir. 2003). To the extent that Rawls generally alleges that the evidence did not prove a conspiracy, her assertion lacks merit. The Government offered circumstantial evidence that she willingly and knowingly conspired to submit fraudulent loan application information and supporting documents for loan approval. *See Bieganowski*, 313 F.3d at 277. The record specifically contained evidence that Rawls and her boyfriend enlisted an associate to draft fraudulent bank statements that she used to secure loans to purchase real properties. The record also supports that Rawls's fraudulent purchases were intended to divert and divide the lender funds. In one instance, Rawls bought a home secured through the false bank statements prepared by her associate, and the proceeds from the sale were deposited into her personal bank account after her boyfriend, who was granted access to an account opened by the seller, obtained it for her. Thus, viewing the evidence in the light most favorable to the verdict, a rational trier of fact could have found that Rawls was guilty of conspiracy to defraud the United States. *See Garza-Robles*, 627 F.3d at 166; *Krenning*, 93 F.3d at 1262.

AFFIRMED.